# CHAMBERLIN v. STATE TAX COMMISSION

Denton G. Burdick, Jr., Portland, argued the cause for plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for plaintiff rendered May 12, 1965.

EDWARD H. HOWELL, Judge.

This is a suit to set aside an order of the State Tax Commission assessing additional corporate excise taxes against the plaintiff.

Plaintiff contends it is doing business out of the state of Oregon and should be allowed to allocate income as provided by ORS 314.280.[1]

---

[1] "ORS 314.280 Allocation of income and losses of corporation or nonresident individual from business within and without state. (1) If the gross income of a corporation or a nonresident individual is derived from business done both within and without the state, the determination of net income shall be based upon the business done within the state, and the commission shall have power to permit or require either the segregated method of reporting, or the apportionment method of reporting, under rules and regulations adopted by the commission, so as fairly and accurately to reflect the net income of the business done within the state."

Plaintiff is the northwest distributor for a California corporation and sells and services tire retreading equipment. Plaintiff has representatives working in Oregon, Washington, Idaho and Montana. The salesmen solicit orders for the equipment, advise and assist in the installation, train the operators and make periodic inspection calls. In case of breakdowns, the customer will call the salesman who maintains some inventory of supplies at his home, or will call the Portland office. The salesmen are also trained operators. They accept trade-ins, pick up and return parts and supplies and handle complaints. They maintain an office in their home and carry business cards listing the company and their home telephone numbers. Their cars are licensed in the state of their residence. About 75% of the company sales are made outside Oregon.

The State Tax Commission contends that the plaintiff was not doing business outside the state and, therefore, not entitled to allocate its income in accordance with ORS 314.280, supra.

■ This case is controlled by the decision of this court in *Cal-Roof Wholesale, Inc. v. Commission,* 2 OTR 91; *affirmed* 242 Or 435, 410 P2d 233 (1964). The facts in this case preponderate more in favor of the plaintiff doing business outside the state of Oregon than in the *Cal-Roof* case. If "doing business" means engaging in activities in the pursuit of gain as was decided by the *Cal-Roof* case, then it is apparent that the plaintiff is doing business in the states of Washington and Montana and is entitled to allocate its income accordingly.